UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-24449-Civ-KING/TORRES

VICTORIA GIRALDO, et al.,

    Plaintiffs,

v.

BAL HARBOUR QUARZO, LLC, et al.,

    Defendants.
_____/

**ORDER ON PLAINTIFF'S MOTION TO COMPEL
DISCOVERY AND FOR ATTORNEYS' FEES**

This matter is before the Court on Plaintiff's Motion to Compel Responses to First Request for Production of Documents, to Compel Proper Responses to First Set of Interrogatories, and for Award of Expenses/Attorneys' Fees ("Motion to Compel"). [D.E. 82]. Defendant filed its Response [D.E. 85] to which Plaintiff filed her Reply [D.E. 92]. Therefore, Plaintiff's Motion to Compel is ripe for disposition. Having reviewed Plaintiff's Motion to Compel, Defendant's Response, Plaintiff's Reply, and the record, the Court hereby orders that Plaintiff's Motion to Compel is **GRANTED in part and DENIED in part**, as follows:

    1.    Plaintiff's Motion seeks to compel responses to her First Request for Production of Documents and to compel proper responses to her First Set of Interrogatories. However, Plaintiff's Motion to Compel is procedurally deficient as it does not comply with Local Rule 26.1(i)(2) of the Southern District of Florida, which provides that:

> Except for motions grounded upon complete failure to respond to the discovery sought to be compelled or upon assertion of general or blanket objections to discovery, motions to compel discovery . . . shall for each separate interrogatory, question, request for production, request for admission, subpoena request, or deposition question, state: (A) verbatim the specific item to be compelled; (B) the specific objections; (C) the grounds assigned for the objection (if not apparent from the objection); and (D) the reasons assigned as supporting the motion as it relates to that specific item.

Plaintiff contends that Defendant's discovery responses reflect either a "complete failure to respond to the discovery sought to be compelled" or an "assertion of general or blanket objections to discovery . . . ." Local Rule 26.1(i)(2). Plaintiff thus concludes that the Local Rule 26.1(i)(2) "requirement does not apply in cases such as this." [D.E. 82].

2. We disagree. The first Local Rule 26.1(i)(2) exception is triggered when a defendant makes a "complete failure to respond to the discovery sought to be compelled." But as Defendant did produce some documents and interrogatories that were initially requested, this exception cannot possibly apply.

3. The second Local Rule 26.1(i)(2) exception is triggered when a party made "assetion[s] of general or blanket objection[s] to discovery." The purpose of the second exception to Local Rule 26.1(i)(2) is that it promotes judicial economy by excusing a plaintiff from filing a compliant motion with excessive detail when it is not needed. If Defendant had used *the same* blanket or general objection *for all* discovery and interrogatory requests, it seems senseless to require Plaintiff to follow Local Rule 26.1(i)(2)'s stricter standard to state "verbatim the specific item to be compelled" where requests within the Motion to Compel for each and every single document and

interrogatory would be tailored to the same objection. But, again, here Defendant has both complied with the production of some documents and provided answers to certain interrogatories, with mixed objections to the requests it did not respond to. In light of this, Plaintiff should have complied with the rest of Local Rule 26(i)(2) so that the Court could individually rule on each document and interrogatory without doing the legwork for Plaintiff. Plaintiff should have, at the very least, argued in the alternative and followed the rest of Local Rule 26.1(i)(2).

4.    As a result, Plaintiff failed to state "verbatim the specific item to be compelled" in compliance with Local Rule 26.1(i)(2). The motion as it stands now is defective and is **DENIED in part** on that ground.

5.    In light of that denial, we certainly do not find that an award of expenses to the moving party, pursuant to Fed.R.Civ.P. 37(a)(5), or other sanctions would be just in this case. Plaintiff's request for attorneys' fees/expenses is **DENIED**.

6.    Though we could stop there, at the same time we do recognize merit in some of Plaintiff's arguments that Defendant's "boilerplate objections" are not proper responses to discovery requests. [D.E. 82] Plaintiff is correct in stating that objections to discovery must be alleged with adequate specificity or otherwise not be considered legally cognizable. *See Bank of Mongolia v. M & P Global Fin. Servs., Inc.*, 258 F.R.D. 514, 519 (S.D. Fla. 2009) ("Objections that state that a discovery request is 'vague, overly broad, or unduly burdensome' are, standing alone, meaningless . . . ."). We also agree that Defendant's responses are ambiguous at many points because one reading the responses cannot be certain whether or not Defendant is relying upon its

boilerplate jiggery-pokery to avoid producing potentially responsive documents, or instead whether Defendant is flatly representing that no responsive documents exist at all.

7. Therefore, to expedite matters we also conclude that interim relief should be entered. Defendant is Ordered to amend its response and objections to Plaintiff's Rule 34 document request within 14 days. *The amended response should not include any boilerplate objections.* Instead the amended response should include clear and detailed objections for each document that Defendant wishes to withhold from Plaintiff named on an objection. The response must also make clear whether any responsive documents were withheld on the basis of an objection. The motion is thus **GRANTED in part** to this extent.[1]

8. Plaintiff shall have leave to timely refile her Motion to Compel for the Production of Documents, if truly necessary, after Defendant serves its amended response to Plaintiff's Rule 34 production requests. If a renewed motion is filed, it shall strictly comply with Rule 26.1(i)(2).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 30th day of June, 2015.

                                                 */s/ Edwin G. Torres*
                                                 EDWIN G. TORRES
                                                 United States Magistrate Judge

---

[1] No such relief is granted for Defendant's Rule 33 interrogatories.