UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
**Miami Division**
CASE NO. 12-CV-24449-JLK

VICTORIA GIRALDO, et al,

        Plaintiffs,
vs.

BAL HARBOUR QUARZO, LLC, et al,

        Defendants.
_____/

**VICTOR GIRALDO'S APPEAL OF/OBJECTIONS TO THE MAGISTRATE JUDGE'S
ORDER ON MOTION TO COMPEL AND FOR FEES**

Plaintiff, Victor Giraldo ("Giraldo"), by and through the undersigned counsel, and pursuant to Rule 4 (a)(1) of the Magistrate Judge Rules for the Southern District of Florida, hereby files his appeal of/and objections to the Order on Plaintiff's Motion to Compel Discovery and for Attorneys' Fees (the "Order"), and in support thereof states as follows:

**I.   The Magistrate Judge Erred By Concluding That Giraldo Violated Local Rule 26.1(i)(2)**

This appeal relates to Giraldo's Motion to Compel Responses to First Request for Production of Documents, to Compel Proper Responses to First Set of Interrogatories, and for an Award of Expenses/Attorneys' Fees Pursuant to Fed.R.Civ.Pro. 26(g)(3) and 37(a)(5) against Defendant Bal Harbour Quarzo, LLC ("BHQ") (the "Motion to Compel") [Docket. No. 82]. In a blatantly obstructionist and dilatory tactic that flies in the face of both the letter and the spirit of the discovery rules, BHQ responded to Giraldo's First Set of Interrogatories and First Requests for Production of documents by lodging a whopping total of fifty-nine (59) utterly unsupported generalized, conclusory, blanket boilerplate objections (collectively, the "Blanket Boilerplate Objections"). BHQ made wholesale indiscriminate use of the Blanket Boilerplate Objections

without making any attempt whatsoever to establish how and why the objections were applicable to any particular discovery request. Not surprisingly, once confronted with the Motion to Compel and the unanimous authority condemning the use of such blanket boilerplate objections, BHQ either withdrew or revised all of the challenge objections. In its Revised Objections, BHQ attempted to resurrect several of its fatally defective objections by including for the first time specific facts in support thereof. Given that BHQ's deadline for responding to the discovery has long since passed, this attempt came too late. BHQ's systematic assertion of the Blanket Boilerplate Objections was equivalent to not responding at all, and resulted in BHQ's waiver of any legitimate objections that it may have held. *See* Motion to Compel at 5-10; Reply Memo in Support of Motion to Compel at 3.

However, rather than overruling the Blanket Boilerplate Objections and determining that BHQ has waived its right to object under the circumstances, the Magistrate Judge has instead concluded that the Motion to Compel violated Local Rule 26.1(i)(2), and on this basis has denied the Motion in part, declining to award attorneys' fees or to grant any relief with respect to Giraldo's First Set of Interrogatories. Local Rule of Civil Procedure 26.1(i)(2) sets forth a follows:

> <u>Except for motions ground upon</u> complete failure to respond to the discovery sought to be compelled or upon <u>assertion of general or blanket objections to discovery</u>, motions to compel discovery… shall for each separate interrogatory, question, request for production, request for admission, subpoena request or deposition question, state: "(A) verbatim the specific item to be compelled; (B) the specific objections; (C) the grounds assigned for the objection…; and (D) the reasons assigned as supporting the motion as it relates to that specific item. The party shall write this information in immediate succession … to enable the Court to rule separately each individual item in the motion.

(emphasis added).

The General Magistrate erred because the Motion to Compel in this case was clearly grounded "upon [BHQ's] assert of … blanket objections to discovery", bringing it under the facial exception to the Rule's application. Admittedly, although all of the Blanket Boilerplate Objections were uniformly unsupported and boilerplate in nature, not all were identical. Instead, BHQ raised four separate categories of blanket objections. In response to a total of 34 of Giraldo's document requests, and 10 out of 14 of Giraldo's Interrogatories, BHQ's entire response consisted of the following generalized, conclusory, blanket boilerplate objection: "BHQ objects to this request as it is overbroad, unduly burdensome, and not relevant or reasonably calculated to lead to the discovery of admissible evidence." (the "Omnibus Blanket Boilerplate Objection"). *See* Motion to Compel at 3-4 & 8-9.

In response to Document Requests No.'s 30-31, 34 and 40, BHQ asserted the following generalized, conclusory, blanket objection: "[F]urthermore, this Request improperly seeks documents and information protected by the attorney work-product and attorney-client doctrine." Similarly, in response to Document Requests No.'s 68-69, BHQ asserted the following generalized, conclusory, blanket objection: "BHQ objects to this Request to the extent that it seeks documents protected by the attorney work-product and attorney-client privilege." (collectively "the Blanket Attorney-Client and Work-Product Objections"). Those objections which were entirely conclusory in nature and were submitted without the required accompanying privilege log. BHQ also raises a Blanket Boilerplate Relevance Objection[1] and a Blanket Boilerplate Undue Burden Objection[2] which were also completely devoid of specifics, particularization or support.

---

[1] "BHQ objects to this Request as it is not relevant or reasonably calculated to lead to the discovery of admissible evidence." Motion to Compel at 4.
[2] "BHQ objects to this Request as it is overbroad and unduly burdensome." Motion to Compel at 4.

The Order must be reversed because Rule 26.1(i)(2)'s exception makes no distinction at all between a single impermissible blanket objection or multiple blanket objections, nor is there any compelling reason to read such a distinction into the language of Rule 26.1(i)(2).  Instead, the plain and unambiguous language of this provision specifically sets forth that it is inapplicable where the motion to compel is "grounded upon … [the] assertion of general or blanket objections to discovery…."  Giraldo's Motion to Compel is absolutely and unequivocally "grounded upon [BHQ's] assertion of general or blanket objections to discovery…," to wit the Omnibus Blanket Boilerplate Objections, the Blanket Attorney-Client and Work-Product Objection, the Blanket Boilerplate Relevance Objections, and the Blanket Undue Burden Objections.

The Magistrate erred in his interpretation of Rule 26.1(i)(2) by interjecting words not actually contained in the language of the Rule' exception.  Nothing in the language of Rule 26.1(i)(2) requires that a party must have "used *the same* blanket or general objection *for all* discovery and interrogatory requests" for the exception to apply.   Order at ¶3 (emphasis in original).  Reversal of the Order is warranted because "[the courts] are not allowed to add or subtract words from a statute; [they] cannot rewrite it." *Friends of Everglades v. S. Fla. Water Mgmt. Dist*., 570 F.3d 1210, 1224 (11th Cir. 2009).[3]

After conducting an exhaustive search, Plaintiff could not locate a single precedent that would support the Magistrate Judge's construction of Rule 26.1(i)(2).  This is not surprising, given that "[t]he enumerated information [called for in Rule 26.1(i)(2)] is required 'to enable the Court to rule separately on each individual item in the motion." *Hernandez v. Mohawk Industries, Inc.*, 2009 U.S. Dist. LEXIS 66105, at *19, n.11 (S.D. Fla. July 24, 2009).  In this case, as is the case whenever a party moves to compel on the basis that his opponent has

---

[3] Ordinary principles of statutory construction apply to the interpretation of the Federal Rules of Civil Procedure. *Business Guide v. Chromatic Comms. Enter., Inc*, 498 U.S. 533, 540-41 (1991).

systematically lodged blanket boilerplate objections to discovery, the Court is not called upon to rule separately on each individual discovery request, but rather to overrule the blanket objections on the basis of their legal insufficiency.  Indeed, the Court does not need to ever review the underlying discovery request, and only needs to evaluate the blanket objections themselves in reaching its conclusion.  *See, e.g., Thermoset Corp. v. Building Materials Corp. of America*, 2014 U.S. Dist. LEXIS 161343, at *7-8 (S.D. Fla. Nov. 18, 2014) (overruling boilerplate objections because of their boilerplate nature without inquiry into whether materials sought were they otherwise discoverable).

The case of *Alhassid v. Bank of Amer., N.A.*, 2015 U.S. Dist. LEXIS 30255 (S.D. Fla. March 12, 2015), is right on-point and militates strongly in favor of reversal.  In *Alhassid*, defendant filed requests for production and plaintiff responded by systematically asserting boilerplate objections to the document request.  *See Id.* at *3-7.  After defendants moved to compel, plaintiff's argued that the motion should be denied due to defendant's failure to comply with Local Rule 26.1(h)(2).  The Court rejected plaintiff's argument, holding as follows:

> Plaintiff's argument that Defendant violated Local Rule 26.1(h)(2) because it did not repeat each request and response in the Motion [to Compel] is also unpersuasive.  The problem with Plaintiff's discovery are endemic, and under such circumstances, Defendants was not required to repeat each and every discovery request in the Motion.

*Alhassid*, at *4, n.1; *see also Mohawk Industries, Inc.*, 2009 U.S. Dist. LEXIS 66105, at *19, n.11 ("Here, Plaintff is requesting that all objections be deemed waived;  the Court, therefore, is not required to rule on each specific request").

## II. The Magistrate Judge Erred Because The Motion To Compel Complied With Local Rule 26.1(i)(2)

Assuming arguendo that the requirements of Local Rule 26.1(i)(2) were applicable under the circumstances, the Order should nevertheless be reversed because the Motion to Compel sufficiency complied with the requirements of that provision. Keeping in mind the purpose of "the enumerated information [called for in Rule 26.1(i)(2)] is 'to enable the Court to rule separately on each individual item in the motion' ", the Motion to Compel should not have been denied because it set forth sufficient information for the Magistrate Judge to evaluate each individual item sought to be compelled. *Mohawk Industries, Inc.*, 2009 U.S. Dist. LEXIS 66105, at *19, n.11. The Motion to dismiss attached BHQ's response to the Requests for Production an Interrogatories (the "Discovery Responses"). The Discovery Responses set forth verbatim each underlying discovery request, followed immediately by BHQ's responses and Blanket Boilerplate Objection.

The Motion to Compel also set forth detailed argumentation as to why each of the four categories of Blanket Boilerplate Objections were legally insufficient and should be deemed waived. Reversal is warranted because this showing was sufficient under the circumstances. *See, e.g., Rosenbaum v. Becker & Poliakoff*, 708 F.Supp.2d 1304, 130 (S.D. Fla. 2010) ("After a careful review of the Motion to Compel and its Exhibits, this court finds that Rosenbaum's attaching to his moon a complete copy of the Requests for Production at issue and answers thereto immediately below each request, along with a systematic briefing of the arguments as to each particular Request, suffice for satisfying Local Rule 26.1.H.2 requirements."); *Walker v. Americare Radiographics, Inc.*, 2010 U.S. Dist. LEXIS 139021 (S.D. Fla. Dec. 27, 2010) (It is not a violation of former Local Rule 26.1(h)(2) appropriate for a plaintiff to combine multiple

discovery requests and discuss them simultaneously in the motion to compel where defendants raised identical objections thereto.); *Gutescu v. Carey Int'l*, 2003 U.S. Dist. LEXIS 27501, at *4 (S.D. Fla. June 23, 2003) ("If same arguments support the motion to compel separate discovery requests, Defendants properly combined the arguments as to the discovery requests, [without violating Rule 26.(h)(2)]….").

**WHEREFORE**, Plaintiff Victor Giraldo respectfully requests this Court to enter an Order reversing the Magistrate Judge's Order denying in part Giraldo's Motion to Compel and for fees, and such other relief this Court deems just and proper.

Respectfully submitted on this July 13, 2015.

        **RAUL E. ESPINOZA, P.L.**
        Attorney for Plaintiffs
        7300 N. Kendall Dr., Suite 520
        Miami, Florida 33156

By: ____/s/ Raul E. Espinoza_____
        **Raul E. Espinoza, Esq.**
        Florida Bar No.: 50664
        Tel.: 786.539.5410 / Fax: 786.539.5411
        Email: respinoza@repalaw.com

## CERTIFICATE OF SERVICE

It is hereby certified that on this 13th day of July, 2015, the foregoing Appeal/Objection was electronically filed by CM/ECF system, which will send a notice of electronic filing to counsel of record for Defendants.

By: ____/s/ Raul E. Espinoza_____
        **Raul E. Espinoza, Esq.**