UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 12-24449-CIV-KING

VICTORIA GIRALDO and VICTORIA
GIRALDO,

    Plaintiffs,

v.

BAL HARBOUR QUARZO, LLC, JUAN G.
ARCILA, CARLOS MAHECHA, SYNERGY
CAPITAL GROUP, LLC, OA DEVELOPMENTS,
INC., LUNA DEVELOPMENTS GROUP, LLC,

    Defendants.
_____/

## ORDER DENYING STIPULATED MOTION FOR ENTRY OF STIPULATED CONFIDENTIALITY ORDER

THIS CAUSE comes before the Court upon the parties' Stipulated Motion for Entry of Stipulated Confidentiality Order (the "Motion") (DE 103), filed August 14, 2015. Therein, the parties submitted a proposed Stipulated Confidentiality Order (DE 103-1), which they would have govern discovery and other proceedings during this litigation.

After a review of the parties' Motion and proposed order, the Court finds that the parties have offered no compelling basis to overturn the Court's long-standing principle and practice of maintaining Court proceedings and documents as public. "The Federal

Judiciary has zealously protected the right of all citizens to free, open and public trials." *Dorsman v. Glazer*, No. 03-22861, 2004 WL 1368866, at *1 (S.D. Fla. Mar. 10, 2004). Open judicial proceedings are rooted in "[t]he principle that justice cannot survive behind walls of silence," and in "the 'Anglo-American distrust for secret trials.'" *Sheppard v. Maxwell*, 384 U.S. 333, 349 (1966) (quoting *In re Oliver*, 333 U.S. 257, 268 (1948)). Except in rare instances, it is the right of every American to see the public's business conducted in an open forum.[1] Under this precedent, judicial documents are presumptively available to the public but may be sealed if the right to access is outweighed by other higher interests favoring non-disclosure. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 602 (1978). This Court has broad discretion in evaluating such a motion. *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 357 (11th Cir. 1987). "Cases have been closed on rare occasions where, for example, disclosure of certain information would threaten national security or place an individual in grave physical danger." *Dorsman*, 2004 WL 1368866, at *2.

Such rare occasions are not present in the above-styled action, which arises out of an alleged Ponzi scheme. Though the public has no First Amendment right of access to pretrial discovery materials, the parties must show good cause for a protective order. *In re Alexander Grant & Co. Litig.*, 820 F.2d at 357. While the Motion itself makes no effort to justify its entry, the Court can glean from a review of the proposed Stipulated

---

[1] The State of Florida, in 1967, enshrined the same principle by passage of Florida's Government in Sunshine Law, the expansive scope of which was confirmed by this Judge in *Berns v. City of Miami Beach*, (unpublished opinion), *aff'd* 231 So. 2d 847 (Fla. 3d DCA 1970), *writ discharged by* 245 So. 2d 38 (Fla. 1971).

Confidentiality Order that the parties are concerned certain discovery requests "may require disclosure of information and production of documents compromising confidential commercial, proprietary, trade secret, personnel and/or financial information." *See* DE 103-1 at 1. These sweeping statements are insufficient to show good cause for the purposes of a protective order.

In addition, the parties elected to seek (and defend) relief in a publicly operated forum, namely the United States District Court for the Southern District of Florida. The proceedings held in federal and state courts are open to public observation by any interested party. Pursuant to Local Rule 5.4 for the Southern District of Florida, absent some extraordinary need for secrecy, the judicial acts performed should be open to public scrutiny.[2]

The Court finds that the parties have not shown good cause to justify their desire for secrecy. Therefore, the Court cannot, and does not, approve the entry of a stipulated confidentiality order.

---

[2] "Unless otherwise provided by law, Court rule, or Court order, proceedings in the United States District Court are public and Court filings are matters of public record." S.D. Fla. L.R. 5.4(a).

Accordingly, it is **ORDERED, ADJUDGED** and **DECREED** that the parties' Stipulated Motion for Entry of Stipulated Confidentiality Order (**DE 103**) be, and the same is, hereby **DENIED.**

**DONE** and **ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States District Courthouse, Miami, Florida, this 18th day of August, 2015.

                                          JAMES LAWRENCE KING
                                          UNITED STATES DISTRICT JUDGE
                                          SOUTHERN DISTRICT OF FLORIDA

Cc: All counsel of Record